**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JZ, et al., | No. CV-20-00490-TUC-RCC |
| Plaintiffs, | **ORDER** |
| v. | |
| Catalina Foothills School District, | |
| Defendant. | |

Pending before the Court is non-party Arizona Center for Disability Law's ("ACDL") Motion for Leave to File *Amicus Curiae* Brief. (Doc. 18.) The Court will deny the motion.

In the absence of a federal statute or rule governing the participation of amici in district courts, the court "look[s] to the Federal Rules of Appellate Procedure for guidance." *Dible v. City of Chandler*, No. CV 03-00249-PHX-JAT, 2004 WL 7336848, at *1 (D. Ariz. Dec. 23, 2004). A non-party seeking to file an amicus brief must state "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). Although a court may grant leave for later filing, a proposed amicus brief and motion must be filed "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6).

A court has "broad discretion" when considering whether to permit an amicus brief. *Council for Endangered Species Act Reliability v. Jackson*, No. CV-10-8254-SMM,

2011 WL 5882192, at *6 (D. Ariz. Nov. 23, 2011); *see also* Fed. R. App. P. 29(a)(2) ("Any other amicus curiae may file a brief only by leave of court . . . ."). The function of amici is to aid the court in resolving a matter of public interest, supplement counsel's efforts, and illustrate law that might otherwise fail to be considered. *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). Nonetheless, "[t]he vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such *amicus* briefs should not be allowed." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

Here, ACDL asserts that its unique interest in this case stems from its mission "to promote and protect the legal rights of individuals with disabilities to independence, justice, and equality." (Doc. 18 at 3.) ACDL further states that its amicus brief is desirable because of its legal expertise in these issues and its insight into the potential far-reaching detrimental impact of affirming the ALJ's decision. (*Id.* at 4.)

Plaintiffs filed their Opening Brief on June 6, 2021. (Doc. 17.) With Defendant's Answering Brief due July 12, 2021, ACDL filed its Motion for Leave to File *Amicus Curiae* Brief (Doc. 18) on July 2, 2021. ACDL states that it did not file sooner because it was not aware of the litigation. (*Id.* at 2.) Nonetheless, the fact remains that ACDL did not seek to participate in this litigation as amicus within 7 days of Plaintiffs' Opening Brief.

Moreover, the Court finds that the amicus brief is not necessary. The proposed amicus brief repeats Plaintiffs' primary arguments as to why the ALJ's findings were in error. For example, ACDL echoes Plaintiffs' claim that the Individuals with Disabilities Education Act (IDEA) requires school districts to perform an initial evaluation of a student upon a parent's request and, having completed the evaluation, parents are entitled to a publicly-funded independent evaluation unless the district files a due process complaint to request a hearing. (Doc. 18-1 at 4.) The Court acknowledges ACDL's

expertise in the field. However, while the proposed amicus brief offers additional authority and insight into the potential policy consequences of this case, it serves mainly to duplicate Plaintiffs' assertions and does not raise legal arguments of which the Court is not already aware based on the parties' briefs and applicable law. Accordingly, the Court exercises its discretion to deny ACDL's participation as an amicus curiae in this case.

**IT IS HEREBY ORDERED** that non-party ACDL's Motion for Leave to File *Amicus Curiae* Brief (Doc. 18) is **DENIED.**

Dated this 17th day of November, 2021.

Honorable Raner C. Collins
Senior United States District Judge